# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| THE GILLETTE COMPANY LLC<br>One Gillette Park<br>Boston, MA 02127,<br><br>     Plaintiff,<br><br>  v.<br><br>COMPUTER RECYCLING LLC,<br>DBA GOODWORLDDEALS.COM<br>453 W. 70th Terrace<br>Kansas City, MO 64113,<br><br>and<br><br>1208 Iron Street<br>North Kansas City, MO 64116,<br><br>     Defendant. | CIVIL ACTION NO. _____ |

## COMPLAINT AND JURY DEMAND

### PRELIMINARY STATEMENT

This is an action by plaintiff The Gillette Company LLC (hereinafter "Gillette"), by and through counsel, for claims against defendant Computer Recycling LLC, doing business as GoodWorldDeals.com (hereinafter "GoodWorldDeals.com" or "Defendant"), seeking injunctive relief and damages from Defendant for its willful infringement of Gillette's trademark and design patent rights, and for unjust enrichment.

### PARTIES

1. The Gillette Company LLC is a limited liability company licensed in the state of Delaware, with its principal place of business located at One Gillette Park, Boston, Massachusetts 02127 and is a wholly-owned subsidiary of The Procter & Gamble Company (hereinafter "P&G"), a corporation licensed in the state of Ohio. Gillette's Corporate Disclosure

Statement is filed concurrently with this Complaint, as required by Fed. R. Civ. P. 7.1.

2. GoodWorldDeals.com is a dba of the entity Computer Recycling, LLC, a limited liability company of the state of Missouri, with its principal place of business located at 1208 Iron Street, North Kansas City, MO 64116.

3. Upon information and belief, GoodWorldDeals.com was initially formed in the state of Missouri on or around March 1, 2016.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the trademark and patent claims in this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as the claims arise under the patent and trademark laws of the United States including, but not limited to, Patent Act, 35 U.S.C. § 271 and Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125.

5. This Court has supplemental jurisdiction over the state law claims for unjust enrichment pursuant to 28 U.S.C. § 1367(a), as these claims are so related to the federal claims within the Court's original jurisdiction that such state law claims form part of the same case or controversy, under Article III of the United States Constitution.

6. This Court further has original jurisdiction over all of the claims asserted in this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship of the parties and the amount in question exceeds $75,000.00.

7. This Court has personal jurisdiction over Defendant under Fed. R. Civ. P. 4 and under Ohio Revised Code 2307.382 because upon information and belief, Defendant transacts business in the state of Ohio, have committed the acts alleged in this Complaint in Ohio and/or have regularly solicited business or derived substantial revenue from the counterfeit and/or infringing goods promoted, advertised, sold, used, and/or consumed in the state of Ohio and specifically have sold such razor blades/cartridges and dispensers/containers for razor cartridges

that are counterfeit and/or infringe Gillette's intellectual property in the state of Ohio and have thus purposefully availed themselves of the privilege of doing business in the state of Ohio.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

### FACTUAL BACKGROUND

**A. Overview of Plaintiff Gillette.**

9. Gillette is in the business of, among other things, developing, designing, advertising, and marketing personal care/grooming products for men and women. These personal care/grooming products include a variety of shaving products for men. Gillette, as part of the Procter & Gamble family, is the global market leader in razors, shaving, and razor blade and shaving products.

10. For men, among other things, Gillette offers proprietary razors, razor blade cartridges, shaving blade units, razor blade dispensers, and refill razor blades under the Fusion® brand.

11. Gillette has expended a great deal of time and money seeking federal protection of its intellectual property including, but not limited to, its trademarks and its unique, nonfunctional, and distinctive product designs.

12. Gillette is the owner of several federal registrations relating to its distinctive and famous family of Gillette® trademarks for a variety of goods.

13. Gillette is the owner, by assignment, of the entire right, title, and interest in and to U.S. Registration No. 0,767,865 for GILLETTE, registered April 7, 1964, for "safety razors and safety razor blades" in International Class 8, US Class 23 (hereinafter the "GILLETTE MARK"). A true copy of the registration is attached hereto as *Exhibit A*. This registration is valid, subsisting, and incontestable.

14. Gillette is the owner, by assignment, of the entire right, title, and interest in and to

U.S. Registration No. 3,099,224 for FUSION, registered May 30, 2006, for "razors and razor blades; dispensers; cassettes; holders and cartridges; all containing blades; and structural parts thereof" in Class 8 (hereinafter the "FUSION MARK"). A true copy of the registration is attached hereto as *Exhibit B*. This registration is valid, subsisting, and incontestable.

15. Gillette has engaged in open, notorious, and extensive widespread promotion and advertising of its GILLETTE MARK and FUSION MARK for a variety of goods including razors, razor blades, razor cartridges, and razor dispensers.

16. Gillette has expended substantial amounts of time, money, and effort in advertising and promoting its GILLETTE MARK and FUSION MARK over many years, and in establishing and preserving the goodwill associated therewith, and the goodwill associated with each of the GILLETTE MARK and FUSION MARK is a valuable asset to Gillette.

17. Gillette is the owner, by assignment, of the entire right, title, and interest in and to U.S. Design Patent D531,518 S ("'518 Patent"), issued on November 7, 2006, claiming "the ornamental design for a dispenser for razor cartridges." A true copy of the '518 Patent is attached hereto as *Exhibit C*.

18. Gillette is the owner, by virtue of assignment, of the entire right, title, and interest in and to U.S. Design Patent D533,684 S ("'684 Patent"), issued on December 12, 2006, claiming "the ornamental design for a razor cartridge." A true copy of the '684 Patent is attached hereto as *Exhibit D*.

19. Both the '518 Patent and the '684 Patent are clearly marked, and additional information regarding Gillette's patent protection is available to the public at website domain www.pg.com/patents.

20. The Fusion® line of dispensers for razor cartridges are sold housed in a dispenser that features a unique, distinctive, non-functional design that embodies the design of the '518

4

Patent.

21. The Fusion® line of razor cartridges feature a unique, distinctive, non-functional design that embodies the design of the '684 Patent.

22. Gillette has established tremendous goodwill and proprietary design rights in the design of the Fusion® line of razor cartridges and dispensers for razor cartridges.

23. Gillette has established exclusive manufacturing and distribution networks for important and legitimate business reasons: protecting the validity of its intellectual property, including its trademarks and design patent rights, maintaining assurance of quality control, and avoiding product liability claims.

24. Gillette marks its razor blades/cartridges with lot numbers that can be used to identify the manufacturing site and date at which the product was manufactured.

25. Gillette ships its razor blades, housed in dispensers, but not yet packaged or labeled for retail sale, from warehouses to another facility for packaging and labeling.

**B. Overview of Defendant GoodWorldDeals.com's Sale of Gillette Fusion on the eBay Website.**

26. Upon information and belief, GoodWorldDeals.com owns and operates the website GoodWorldDeals.com.

27. GoodWorldDeals.com is the fictitious name for Computer Recycling. LLC, owned by David J. Batcheller and registered in 2016 by the State of Missouri's Secretary of State.

28. Upon information and belief, GoodWorldDeals.com offered for sale, and sold, Gillette Fusion razor blades through its GoodWorldDeals.com website and eBay. Attached as *Exhibit E* is a screen shot of a listing of Gillette Fusion razor blades offered for sale on eBay.com.

29. Upon information and belief, GoodWorldDeals.com offered the Gillette Fusion

5

razor blades for sale on its GoodWorldDeals.com website and eBay.com at a substantial discount from the typical retail price for the same product.

30. The GoodWorldDeals.com website listing and eBay listing for the Gillette Fusion razor blades includes photos of the product, without packaging or labeling for retail sale, in an orange cardboard box reminiscent of the Gillette Fusion's orange and blue packaging.

31. In August of 2018, Gillette arranged for a test purchase of the Gillette Fusion razor blades from GoodWorldDeals.com through eBay.com to an Ohio PO Box.

32. The test purchase arrived without packaging or labeling for retail sale.

33. The return address on the package of the test purchase was listed as 1208 Iron Street, North Kansas City, MO 64116.

34. Upon inspection and testing of the purchased product, Gillette determined that the razor blade cartridges were counterfeit.

35. Upon information and belief, GoodWorldDeals.com offered for sale, and sold, Gillette Fusion razor blades through its website.

36. Upon information and belief, GoodWorldDeals.com offered the Gillette Fusion razor blades for sale on its website at a substantial discount from the typical retail price for the same product.

37. Upon information and belief, based on testing conducted by Gillette, the Gillette Fusion razor blades sold by GoodWorldDeals.com through the GoodWorldDeals.com website and eBay.com are counterfeit.

38. On information and belief, GoodWorldDeals.com has knowledge of the '518 Patent and the '684 Patent, and the infringement has been and continues to be willful and intentional, making this an exceptional case under 35 U.S.C. § 285 and entitling Gillette to treble damages under 35 U.S. C. § 284.

6

**C.     Gillette's Communications with Defendant.**

39. On October 5, 2018, Gillette, through counsel, sent a letter via Federal Express to Mr. Derek Lang at GoodWorldDeals.com, at the 1208 Iron Street, North Kansas City, Missouri 64116 address notifying him that the Gillette Fusion razor cartridges sold and distributed by Defendant through ebay.com were counterfeit and demanding, *inter alia,* that such Defendant cease the sale of such counterfeit goods. A copy of the letter is attached hereto as *Exhibit F*.

40. On October 18, 2018, Gillette, through counsel, sent a letter via Federal Express to Mr. David Batcheller at GoodWorldDeals.com, at the 1208 Iron Street, North Kansas City, Missouri 64116 and at Computer Recycling LLC, 453 W. 70th Terrace, Kansas City, MO 64113 addresses notifying him that the Gillette Fusion razor cartridges sold and distributed by Defendant through ebay.com were counterfeit and demanding, *inter alia,* that such Defendant cease the sale of such counterfeit goods. A copy of the letter is attached hereto as *Exhibit G*.

41. Upon information and belief, Defendant knowingly obtained these counterfeit goods through third parties with the intent to resell such products without the consent of, and without paying value to, Gillette.

42. In September of 2018, a private detective began an investigation into the business of GoodWorldDeals.com.

43. In October of 2018, as part of this investigation, private investigators traveled to Kansas City, MO to the address listed for GoodWorldDeals.com, 1208 Iron Street, North Kansas City, MO 64116.

44. Two individuals were observed loading cardboard boxes into the trunk of a black Mercedes. One individual was approached, Derek Lang, who, upon information and belief, lied about his name, identifying himself as "Eric."

45. Derek Lang is listed as the Manager, Operations Manager Software Development,

7

Operations Manager, Software Development, Software Engineering, Manager, General Operations for Computer Recycling LLC.

46. Police Officers from the North Kansas City Police Department arrived to assist. Derek Lang correctly identified himself, and was hand-delivered a cease and desist order.

47. Derek Lang refused to sign the cease and desist order, but accepted the document.

## COUNT I
### (Trademark Infringement of Registered Trademark "GILLETTE")

48. Gillette restates and realleges paragraphs 1-47.

49. Gillette is the owner of U.S. Registration No. 767,865 for the GILLETTE MARK, which is valid, enforceable, and uncontestable.

50. The Defendant has used the GILLETTE MARK in connection with the unauthorized sale, offering for sale, distribution or advertising of unauthorized goods in interstate commerce in such a way that is likely to cause confusion, mistake, or to deceive consumers in violation of 15 U.S.C. § 1114, including, but not limited to, the unauthorized sale of such unauthorized goods on GoodWorldDeals.com and eBay.com.

51. The unauthorized goods sold by the Defendant bearing the GILLETTE MARK are materially different from genuine and authorized Gillette goods in that these products were not contained in retail packaging and did not contain Gillette's information on warranties, manner of use and other information relevant to these goods.

52. Because Defendant sold and offered for sale unauthorized goods bearing the GILLETTE MARK that are materially different from genuine and authorized Gillette goods, Defendant's actions have impaired Gillette's ability to control the quality and goodwill associated with genuine and authorized Gillette goods bearing the GILLETTE MARK.

53. Each such use of the GILLETTE MARK by Defendant was without authorization, approval, or license by Gillette.

54. As a direct and proximate result of Defendant's actions, Gillette is entitled to recover Defendant's illicit profits from the infringement, Gillette's actual damages, Gillette's costs and its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

55. Gillette has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116, against further infringement by Defendant.

56. Gillette has suffered damages in an amount to be proven at trial from the Defendant's illegal and unauthorized acts.

## COUNT II
### (Trademark Infringement of Registered Trademark "FUSION")

57. Gillette restates and realleges paragraphs 1-56.

58. Gillette is the owner of U.S. Registration No. 3,099,224, for the FUSION MARK, which is valid, enforceable, and uncontestable.

59. The Defendant has used the FUSION MARK in connection with the unauthorized sale, offering for sale, distribution, or advertising of unauthorized goods in interstate commerce in such a way that is likely to cause confusion, mistake, or to deceive consumers in violation of 15 U.S.C. § 1114, including, but not limited to, the unauthorized sale of such unauthorized goods on GoodWorldDeals.com and eBay.com.

60. The unauthorized goods sold by the Defendant bearing the FUSION MARK are materially different from genuine and authorized Gillette goods in that these products were not contained in retail packaging and did not contain Gillette's information on warranties, manner of use and other information relevant to these goods.

61. Because Defendant sold and offered for sale unauthorized goods bearing the FUSION MARK that are materially different from genuine and authorized Gillette goods, Defendant's actions have impaired Gillette's ability to control the quality and goodwill associated with genuine and authorized Gillette goods bearing the FUSION MARK.

9

62. Each such use of the FUSION MARK by the Defendant was without authorization, approval, or license by Gillette.

63. As a direct and proximate result of Defendant's actions, Gillette is entitled to recover Defendant's illicit profits from the infringement, Gillette's actual damages, Gillette's costs and its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

64. Gillette has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116, against further infringement by Defendant.

65. Gillette has suffered damages from the Defendant's illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

## COUNT III
### (Patent Infringement of '518 Patent)

66. Gillette restates and realleges paragraphs 1-65.

67. Gillette is the owner of the '518 Patent, which is valid and enforceable.

68. Gillette has not authorized any Defendant to sell or offer for sale dispensers for razor cartridges that apply the design of the '518 Patent or colorable imitation thereof.

69. Upon information and belief, all Defendant has infringed, and continues to infringe, the '518 Patent by selling, and/or offering for sale unauthorized dispensers for razor cartridges that apply the design of the '518 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a), including, but not limited to, the Defendant's unauthorized sale of such unauthorized goods on GoodWorldDeals.com and eBay.com.

70. Defendant's deliberate and willful actions in infringing the design of Gillette's '518 Patent, has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

71. Defendant have also profited, and Gillette has suffered pecuniary damage, in amounts to be determined at trial as a result of Defendant's willful infringement of Gillette's

'518 Patent pursuant to 35 U.S.C. §§ 284 and 289.

72. Gillette has suffered damages from the Defendant's illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

## COUNT IV
### (Patent Infringement of '684 Patent)

73. Gillette restates and realleges paragraphs 1-72.

74. Gillette is the owner of the '684 Patent, which is valid and enforceable.

75. Gillette has not authorized Defendant to sell or offer for sale razor blade cartridges that apply the design of the '684 Patent or colorable imitation thereof.

76. Upon information and belief, Defendant has infringed, and continues to infringe, the '684 Patent by selling and/or offering for sale unauthorized razor blade cartridges that apply the design of the '684 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a), including, but not limited to, the unauthorized sale of such unauthorized goods by the Defendant on GoodWorldDeals.com and eBay.com.

77. Defendant's deliberate and willful actions in infringing the design of Gillette's '684 Patent, has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

78. Defendant has also profited, and Gillette has suffered pecuniary damage, in amounts to be determined at trial, as a result of Defendant's willful infringement of Gillette's '684 Patent pursuant to 35 U.S.C. §§ 284 and 289.

79. Gillette has suffered damages from the Defendant's illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

## COUNT V
### (Unjust Enrichment)

80. Gillette restates and realleges paragraphs 1-79.

81. Defendant wrongfully received a benefit by way of their unauthorized receipt, and subsequent sale, of counterfeit Gillette Fusion razor cartridges.

82. Gillette has not received any compensation for the wrongful benefit received by Defendant from Defendant's receipt and sale of such counterfeit goods.

83. If Defendant is not now required to pay Gillette in full for the value of such counterfeit goods, Defendant will be unjustly enriched from their illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

**WHEREFORE**, Gillette prays for judgment against Defendant as follows:

(a) In favor of Gillette and against the Defendant on all claims;

(b) Preliminarily and permanently enjoin and restrain each such Defendant against continued infringement of the GILLETTE MARK and the FUSION MARK (15 U.S.C. § 1116);

(c) Preliminarily and permanently enjoin and restrain each such Defendant against continued infringement of the '518 Patent and/or the '684 Patent (35 U.S.C. § 283);

(d) Order an accounting for Gillette's damages and/or for Defendant's profits derived from and/or related to Defendant's infringement of the GILLETTE MARK and the FUSION MARK (15 U.S.C. § 1117) and Defendant's infringement of the '518 Patent and/or the '684 Patent (35 U.S.C. §§ 284 and 289);

(e) Order an accounting for Gillette's damages as a measure of Defendant's profits derived from Defendant's unjust enrichment;

(f) Order an assessment of interest and costs against Defendant (35 U.S.C. § 283; 15 U.S.C. § 1117);

(g) Find this to be an exceptional case and to award reasonable attorneys' fees to Gillette (35 U.S.C. §285; 15 U.S.C. § 1117);

(h)     Find that Defendant's infringement was intentional and thus treble damages and attorneys' fees are appropriate (15 U.S.C. § 1117(b)); and

(i)     Award Gillette such other relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Gillette demands a trial by jury for all claims so triable.

Dated:  June 3, 2019                                    Respectfully submitted,

**THE GILLETTE COMPANY,**
By its attorneys,

/s/ Karen Kreider Gaunt
Karen Kreider Gaunt, Bar #0068418
Govinda M. Davis, Bar (#0096411)
Ashley J. Earle, Bar #0093664
karen.gaunt@dinsmore.com
ashley.earle@dinsmore.com
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Tel.: (513) 977-8503
Fax: (513) 977-8141

*Counsel for Plaintiff The Gillette Company LLC*

14374998v1